# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BUFFALO BAYOU DISTILLERIES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 3:23-CV-1717 |
| V. | § | |
| | § | |
| | § | |
| NTX CASK MATES, LLC d/b/a | § | |
| SHANNON BREWING COMPANY and | § | |
| SHANNON BREWING COMPANY, LLC | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff Buffalo Bayou Distilleries, LLC ("Buffalo Bayou" or "Plaintiff") files this Original Complaint against Defendants NTX Cask Mates, LLC d/b/a Shannon Brewing Company and Shannon Brewing Company, LLC (collectively, "Defendants" or "Shannon Brewing") and respectfully states as follows:

## I.     PARTIES

1.     Plaintiff Buffalo Bayou Distilleries, LLC is a limited liability company duly organized under the laws of the State of Texas with its principal place of business at 5610 Clinton Drive, Houston, Texas 77020.

2.     Defendant NTX Cask Mates LLC d/b/a Shannon Brewing Company is a limited liability company organized under the laws of the State of Texas with its principal place of business at 311 S. Oak St., Suite 250, Roanoke, Texas 76262.

3.     Defendant Shannon Brewing Company, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business as 818 North Main Street, Keller, Texas 76248.

## II.     JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), (b) because this action involves claims of trademark infringement arising under federal law as well as related claims of unfair competition.

5.     This Court has personal jurisdiction over Defendants because Defendants are limited liability companies registered in the State of Texas with principal places of business in Texas. Further, Defendants have conducted business activities in this state and in this district, conducted activities aimed to deceive consumers in this state and this district, and committed unfair competition injurious to persons located in this state and this district. Defendants have substantial and continuous contacts with this state and this district related to the acts complained of herein.

6.     Venue is proper in this ddistrict pursuant to 28 U.S.C. § 1391(b) because Defendants have an established place of business in this district and because a substantial part of the events or omissions giving rise to Buffalo Bayou's claims occurred in this district. Defendants have distributed, marketed, and sold infringing products to Texas residents in this district. Venue is further proper in this district because Defendants are subject to personal jurisdiction in this district and deemed to reside here. *See* 28 U.S.C. § 1391(b)(1), (c).

**PLAINTIFF'S ORIGINAL COMPLAINT**

### III.   FACTUAL ALLEGATIONS

**A.   Buffalo Bayou and its Trademarks**

7.     Founded in 2011, Buffalo Bayou is in the business of brewing and distilling a variety of alcoholic beverages, including whiskey, spirits and beer.

8.     Since at least as early as 2012, Buffalo Bayou or its predecessor in interest, has produced, marketed and sold a beer product under the brand TEJAS.

9.     Beginning in or around 2012, Trans Pecos Beverage Company, LLC d/b/a Big Bend Brewing Co. launched the TEJAS brand and began producing and selling TEJAS beer products. Buffalo Bayou acquired all rights to the TEJAS brand in or around June 2019..

10.     Buffalo Bayou or its predecessor in interest have continuously used a variety of TEJAS marks in commerce, including those shown below:

| TEJAS | TEJAS NEGRA | TEJAS PRIMA | TEJAS CLARA |
|---|---|---|---|
| **TEJAS BEER** |  |  |  |

(collectively, the "TEJAS Marks").

11.     Throughout its website, in its restaurants and tasting rooms, on its marketing materials, and in retail stores, Buffalo Bayou has continuously used the TEJAS Marks in association with its marketing and sales of beer products.

12.     Buffalo Bayou has expended considerable amounts of time, labor, and money designing, developing, promoting, and protecting its rights in the TEJAS Marks.

3

**PLAINTIFF'S ORIGINAL COMPLAINT**

13.     Buffalo Bayou has established considerable trademark rights in the TEJAS Marks. Buffalo Bayou and its predecessor have been using the TEJAS Marks in interstate commerce in connection with beer, ale, and lager since at least 2012 and long before the acts of Defendants complained of herein. Buffalo Bayou and its predecessor have long used the TEJAS Marks in association with beer products and have developed considerable valuable goodwill and brand recognition in association with the TEJAS Marks throughout the United States, including in Texas and this district. The consuming public thus has come to associate the TEJAS Marks with Buffalo Bayou's high-quality products. Examples of Buffalo Bayou products featuring the TEJAS Marks are shown below:






**PLAINTIFF'S ORIGINAL COMPLAINT**

 

14.     In addition to owning substantial common law rights in the TEJAS Marks, Buffalo

Bayou has also applied for, and been granted, the following federal trademark registrations:

| Mark | Registration No. | Registration Date |
|------|------------------|-------------------|
| *Tejas* | 4,876,114 | Dec. 22, 2015 |
| TEJAS | 6,982,908 | Feb. 21, 2023 |
| TEJAS PRIMA | 5,471,771 | May 15, 2018 |
| TEJAS NEGRA | 5,075,344 | Nov. 1, 2016 |
| TEJAS CLARA | 5,075,343 | Nov. 1, 2015 |

(collectively, the "Registered TEJAS Marks").

B.     **Defendants' Infringement**

15.     Defendants own and operate a brewery based in Keller, Texas.

16.     Subsequent to Buffalo Bayou or its predecessor's first use of the TEJAS Marks,

Defendants began using a confusingly similar imitation of the TEJAS Marks on beer products in

a manner that is likely to cause consumer confusion or mistake, or to deceive consumers into

**PLAINTIFF'S ORIGINAL COMPLAINT**

believing that Defendants' products are affiliated with, connected with, approved by, or associated with Buffalo Bayou.

17.    Defendants have marketed and sold beer and ale under the TEJAS name (the "Infringing Mark") and used marks that are confusingly similar to the TEJAS design mark on products such as "TEJAS Light" and "TEJAS Light con Lima" (the "Infringing Products"). Defendants have marketed and sold products featuring the Infringing Mark in their taproom, on their website (located at https://shannonbrewing.com) and through retailers such as H-E-B. Examples of Defendants' uses of the Infringing Mark are shown below:

 

 

**PLAINTIFF'S ORIGINAL COMPLAINT**

18.    Defendants' Infringing Products are also sold and marketed through similar channels of trade as authentic Buffalo Bayou products, including grocery stores, liquor stores, on-tap, and online, increasing the likelihood of consumer confusion.

19.    Defendants' Infringing Products, like authentic Buffalo Bayou products, are also marketed extensively through the internet and social media sites, including Facebook, Twitter, and Instagram.

20.    Defendants' use of the Infringing Mark in connection with their advertising, offering, selling, and providing Infringing Products in commerce that are marketed to similar consumers and in overlapping channels of trade as authentic Buffalo Bayou products, is likely to mislead consumers as to the source of Defendants' goods and is likely to cause consumer confusion or mistake, or to deceive consumers into believing that Defendants' products are affiliated with, connected with, associated with, or endorsed by Buffalo Bayou when they are not.

21.    Buffalo Bayou, through counsel, has repeatedly demanded that Defendants cease and desist from further use of the Infringing Mark and sales of the Infringing Products, but Defendants, despite initially agreeing to do so, have failed to follow through.

22.    Defendants' infringement of the TEJAS Marks was done and is being done willfully with the intent to cause consumer confusion, undeserved gain for Defendants, and financial harm to Buffalo Bayou.

23.    As a consequence of Defendant's infringement and unauthorized use of the Infringing Mark, Buffalo Bayou has suffered and will continue to suffer irreparable harm, the exact nature, extent, and amount of which cannot be ascertained at this time. Therefore, in addition to damages, Buffalo Bayou is also entitled to preliminary and permanent injunctive relief.

**PLAINTIFF'S ORIGINAL COMPLAINT**

## IV. CAUSES OF ACTION

### *Count One: Trademark Infringement, 15 U.S.C. § 1114*

24.     Buffalo Bayou reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

25.     Buffalo Bayou owns U.S. Trademark Registration Nos. 6,982,908; 4,876,114; 5,471,771; 5,075,344; and 5,075,343 for the Registered TEJAS Marks.

26.     Buffalo Bayou or its predecessor have continuously used the Registered TEJAS Marks in commerce and established considerable brand recognition and goodwill with respect to the Registered TEJAS Marks.

27.     Defendants have and continue to use in commerce reproductions, counterfeits, copies, and colorable imitations of the Registered TEJAS Marks in connection with the sale of beer, ale, and lager, which use is likely to cause consumer confusion, mistake, and deception in violation of 15 U.S.C. § 1114.

28.     Buffalo Bayou has been damaged and is likely to continue to be damaged, by Defendants' infringement of the Registered Marks, and Buffalo Bayou seeks and is entitled to recover Defendants' profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

29.     This case is exceptional in light of Defendants' willful use of the Infringing Mark to sell and offer to sell their Infringing Products in the United States and Texas despite repeated demands that they cease and desist from further acts of infringement. Because this case is exceptional, Buffalo Bayou is also entitled to recover its attorneys' fees incurred pursuing this action pursuant to 15 U.S.C. § 1117(a).

**PLAINTIFF'S ORIGINAL COMPLAINT**

30.     Defendants' activities have caused and, unless enjoined, will continue to cause irreparable injury to Buffalo Bayou and the goodwill Buffalo Bayou has established in its products, brand, and the Registered TEJAS Marks over the years.

## *Count Two: False Designation of Origin, 15 U.S.C. § 1125(a)*

31.     Buffalo Bayou reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

32.     Buffalo Bayou and its predecessor have established considerable common law rights in the TEJAS Marks through continuous use of the TEJAS Marks in commerce in association with its beer products.

33.     Defendants have sold, offered to sell, and distributed Infringing Products displaying the Infringing Mark, including through use of Defendants' website, which has displayed the Infringing Mark and marketed Infringing Products in the United States and Texas.

34.     Defendants' unauthorized use of the Infringing Mark is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendants with Buffalo Bayou, Buffalo Bayou's TEJAS products, and as to the origin, sponsorship, or approval of Defendants' products by Buffalo Bayou in violation of 15 U.S.C. § 1125(a)(1)(A).

35.     Buffalo Bayou has no control over the nature or quality of the products sold and offered for sale by Defendants. Any failure, neglect, or default of Defendants in providing quality goods to consumers will reflect adversely upon Buffalo Bayou as the perceived source of origin and/or approval of the Infringing Products, and may also cause potential to damage the consuming public.

**PLAINTIFF'S ORIGINAL COMPLAINT**

36.     Defendants' activities have caused and, unless enjoined, will continue to cause irreparable injury to Buffalo Bayou and the goodwill Buffalo Bayou has established in its products, brand, and the TEJAS Marks over the years.

37.     Buffalo Bayou has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and Buffalo Bayou seeks and is entitled to recover Defendants' profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

38.     Defendants' conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Buffalo Bayou is entitled to recover its attorneys' fees incurred pursuing this action.

### *Count Three: Common Law Trademark Infringement and Unfair Competition*

39.     Buffalo Bayou reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

40.     Defendants' use of the Infringing Mark in this state and this district in connection with goods that are identical to, competitive with, related to, or similar to those offered by Buffalo Bayou in connection with Buffalo Bayou's TEJAS Marks, constitutes unfair competition, willful and intentional acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion as to the source of Defendants' goods.

41.     Defendants' actions, taken with actual or constructive knowledge of Buffalo Bayou's TEJAS Marks, demonstrate an intent to trade on the goodwill associated with the TEJAS Marks with the intention of deceiving and misleading consumers and causing irreparable injury to Buffalo Bayou, Buffalo Bayou's business, and Buffalo Bayou's goodwill.

42.     The natural, probable and foreseeable consequence of Defendants' wrongful conduct has been and will continue to be the deprivation of the exclusive rights Buffalo Bayou maintains in its TEJAS Marks.

**PLAINTIFF'S ORIGINAL COMPLAINT**

43.     Defendants' unlawful acts constitute common-law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion and irreparable injury to Buffalo Bayou unless enjoined by this Court.

44.     Defendants' wrongful conduct as alleged above was accompanied by a willful and deliberate indifference to Buffalo Bayou's rights in its TEJAS Marks, warranting an assessment of trebled, enhanced and punitive damages.

## V. <u>REQUEST FOR INJUNCTIVE RELIEF</u>

45.     Buffalo Bayou reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

46.     Defendants have violated 15 U.S.C. §§ 1114 and 1125(a) and committed common law trademark infringement, and Buffalo Bayou is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and under Texas law.

47.     Buffalo Bayou requests that the Court issue preliminary and permanent injunctive relief enjoining Defendants and their officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendants who receive notice of the injunction, from doing, aiding, causing or abetting the following:

(a)     engaging in any acts or activities directly or indirectly calculated to trade upon Buffalo Bayou's TEJAS Marks or Buffalo Bayou's reputation and goodwill, including any further use of the Infringing Mark or any other marks that are identical or confusingly similar to the TEJAS Marks in any physical or electronic medium, including, but not limited to beer products, taps, websites, Internet metadata, domain names, assumed business names, apparel, accessories, letterhead, social media sites, and other written, audio, or visual materials of any nature;

11

(b)     directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the TEJAS Marks in connection with the sale, offering for sale, distribution, or importation of any goods and/or services;

(c)     directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendant's products or services, including any representation that Defendant is affiliated with Buffalo Bayou or the TEJAS brand;

(d)     passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Buffalo Bayou, any product or service that is not the product or service of Buffalo Bayou, is not produced under the control or supervision of Buffalo Bayou, is not approved by Buffalo Bayou, or is not distributed with Buffalo Bayou's express  authorization;

(e)     selling, offering to sell, distributing, or importing products into the United States that incorporate, include, or display the Infringing Mark, or any other mark that is confusingly similar to the TEJAS Marks, including the Infringing Products; and

(f)     otherwise engaging in competition unfairly.

48.     Buffalo Bayou will suffer immediate and irreparable damage, injury and harm for which there is no adequate remedy at law if Defendants are not immediately and permanently enjoined from the conduct listed above.

49.     Public policy favors the protection of intellectual property rights, and the prevention of unfair competition, and any injunctive relief granted herein will therefore be in accordance with public policy.

**PLAINTIFF'S ORIGINAL COMPLAINT**

50.     The potential damage to Buffalo Bayou if the injunctive relief requested herein is not granted far outweighs any harm that Defendants may suffer as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

## VI. <u>JURY DEMAND</u>

51.     Buffalo Bayou hereby demands a trial by jury of all claims so triable.

## VII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Buffalo Bayou prays that the Court grant the following relief:

1.     Grant the injunctive relief requested in Section V of this Complaint;

2.     Order Defendants to file with the Court and serve upon counsel for Buffalo Bayou within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.     Order Defendants to account for and pay to Buffalo Bayou all profits derived by reason of Defendants' acts alleged in this Complaint and to disgorge such profits to Buffalo Bayou;

4.     Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

5.     Award Buffalo Bayou its costs of suit, including reasonable and necessary attorneys' fees and expenses pursuant to 15 U.S.C. § 1117;

6.     Award Buffalo Bayou pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

7.     Award Buffalo Bayou such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

/s/ *Jason P. Bloom*
Jason Bloom
HAYNES AND BOONE, L.L.P.
State Bar No. 24045511
One Victory Park
2323 Victory Avenue
Dallas, Texas 75219
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

**ATTORNEYS FOR PLAINTIFF**
**BUFFALO BAYOU DISTILLERIES, LLC**

**PLAINTIFF'S ORIGINAL COMPLAINT**